**UNITED STATES of America**

v.

**Anna YVICJAK a/k/a Diane Logan, Defendant.**

**Nos. 73 Mag. Doc. 1339, 74 Cr. Misc. 1.**

United States District Court,
S. D. New York.

May 3, 1974.

Paul J. Curran, U. S. Atty., for plaintiff. By: Richard Wile, Asst. U. S. Atty., of counsel.

Legal Aid Society, for defendant. By: Joseph Zedrosser, New York City, of counsel.

## ORDER

KEVIN THOMAS DUFFY, District Judge.

A motion was made by the government under Title 18, Section 4241 et seq., to have the defendant Anna Yvicjak, committed as a mental defective who might "endanger the safety of the officers, the property, or other interests of the United States." 18 U.S.C. § 4248. The defendant was arrested on September 20, 1973, after having assaulted an FBI agent with a paring knife and having threatened to kill the agent. It is clear that the defendant did not personally know the agent whom she assaulted. It is likewise clear that she is suffering from acute paranoia caused in part by alcoholism. In fact, most likely she was drunk at the time that she attacked the agent.

The defendant Anna Yvicjak was brought up in an orphanage on Staten Island, where from time to time she was visited by her father. Apparently her father told her that she would be wealthy one day. After the defendant grew up, she settled on a fantasy that she was the sole heir to the ownership of the "Skoda Works" in Czechoslovakia. Apparently she called the FBI in order to assert her claims to the inheritance and she was told that she would have to have a birth certificate to make a legal claim. The defendant was unable to obtain a birth certificate and felt that the FBI, by suggesting such a course to her, was, in fact, denying her a rightful inheritance.

The two psychiatrists who testified at the hearing held on this matter both arrived at the same conclusion as to the defendant's delusions and her need to be institutionalized. The only question be-

fore me is whether in fact the defendant is "dangerous" within the meaning of the statutes.

It appears to me that Anna Yvicjak is a paranoid suffering gravely from alcoholism. She has in the past voluntarily committed herself to the Central Islip Hospital for care of her problems. She has no prior record of violence. She is approximately fifty-five years old but looks much older because of complete self-neglect. While I agree with the psychiatrist for the prosecution and the psychiatrist for the defense that the defendant Anna Yvicjak should be institutionalized, I cannot find that she is "dangerous" within the meaning of the statute and therefore must release her from custody. While doing so, I urgently recommend to the State authorities that they arrange to have the defendant Anna Yvicjak cared for in whatever manner her physicians may deem appropriate.

So ordered.